(83 App. Div. 272.)

## TRUNKEY v. VAN SANT et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. WILLS—TRUSTS—UNCERTAINTY.

    Where a will devised testator's property to trustees, to pay such portions of the estate to such persons as the trustees may ascertain and the majority shall agree to have been testatrix's express wish, or such as she might thereafter formally designate, such trust was void for uncertainty both as to the proportions of the estate to be given and the persons to whom the gifts were to be made.

2. SAME—DEVISE TO TRUSTEES.

    Where testatrix devised all her property to her executors, in trust, first, to pay debts, second, to pay such proportions to persons which she might designate, or a majority of her executors agree to have been her wish, and the balance "to said trustees," the trustees were not entitled to such balance as individuals, but as trustees for an undisclosed trust, which could not be ascertained, and was, therefore, void.

3. SAME.

    The residuary devise to the trustees was invalid, though the testator might have intended the trustees to take as individual legatees, since, by reason of the invalidity of the second trust created, the amount she intended to pass under the residuary clause was incapable of ascertainment.

Appeal from Special Term, New York County.

Action by Agnes G. Trunkey against Jane B. Van Sant and others individually and as executors of the will of Sarah M. Berlin, deceased, with Edwin L. Garvin and another, impleaded. From a judgment in favor of the executors, plaintiff and the impleaded defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Richard B. Aldcroftt, Jr., for appellant Trunkey.
Charles W. McCandless, for appellants Garvin.
W. Arrowsmith, for respondents.

McLAUGHLIN, J.   On the 28th of May, 1902, Sarah M. Berlin died, leaving the following last will and testament:

"The last will of Sarah M. Berlin of New York City, County of New York.

"Being of feeble health, but of sound mind, at the time of making and publishing this my last will and testament, I give and devise all my estate, real and personal, whereof I may die seised or possessed to Mrs. Jane B. Van Sant, of Philadelphia, Pa., Mrs. Julia D. Lawrence, of New York City, and Louis Faugeres Bishop, of the same place, to have and to hold the same to themselves, their heirs and assigns forever, upon the uses and trusts following:   To pay all my debts and pay such proportions of said estate to such persons as they may ascertain and a majority shall agree to have been my expressed wish, or as I may hereafter formally designate, and I, hereby nominate and constitute and appoint my said trustees residuary legatees of my estate, and I hereby nominate, constitute and appoint said trustees Mrs. Jane B. Van Sant, Mrs. Julia D. Lawrence and Louis Faugeres Bishop, executors of my last will and testament.

"In witness whereof, I have hereunto set my hand and seal, this 19th day of May, 1902.                                    Sarah M. Berlin [L. S.]"

The will was admitted to probate, and letters testamentary were issued to the respondents, the executrices and executor therein named. Subsequently this action was brought to procure a judgment adjudging such will invalid in so far as it disposed of any of the property of the testatrix other than for the payment of debts.   The court held, after a trial had, as appears from the decision, that it was the intent of the testatrix that the trustees named in her will should pay her debts, and then give such portion of her estate "as the trustees thought proper to such of her friends as she might thereafter designate or they might select, the residuary estate to go to the persons named as trustees"; that the trust to pay debts was valid; that the one to pay to such of her friends as she might designate or her trustees might select, was invalid, but that it could be separated from the valid one; and therefore, upon the payment of the debts, the entire trust would cease, and pass to the individuals designated as trustees.   Judgment was thereafter entered dismissing the complaint upon the merits, from which the plaintiff and the defendants Edwin L. Garvin and David Wilmot Garvin, the only heirs at law and next of kin of the testatrix, have appealed.

We agree with the trial court that the provision of the will by which the trustees are directed to "pay such proportions of said estate to such persons as they may ascertain and a majority shall agree to have been my expressed wish or as I may hereafter formally designate" is invalid because of its uncertainty both as to the proportions of the estate to be given and the persons to whom such gifts are to be made. But we are unable to agree that this provision can be separated from the following one, by which all of the estate, subject to the payment of debts, passes under the residuary clause to the individuals named as trustees in the will.   On the contrary, it seems to us that the whole will is so indefinite and uncertain that it cannot be enforced by judicial decree, except in so far as the property is given to the trustees for the payment of debts.

It is a cardinal rule relating to the construction of wills that the intent of the testator must govern when that can be ascertained; and, applying that rule to the will here under consideration, it seems to us

clear that the testatrix never intended that the trustees named in the will should ever individually take any of the property attempted to be disposed of. It will be noticed that she gives all of her property to them in trust (1) to pay debts; then (2) to pay such proportions to such persons as she might designate, or a majority of them agree to have been her wish; and (3) the balance "to said trustees." This balance, whatever she intended it should be, was to go to them as trustees, and not as individuals. To hold otherwise, we must eliminate from the will the words "said trustees," and this we have no right to do. Her trustees, therefore, were to take the balance of the property not as individuals, but as trustees, for the purpose of applying it to or satisfying another trust which is not disclosed and cannot be ascertained. This clause, therefore, like the preceding one, must fail for a similar reason.

But, even if it be admitted that the testatrix intended that the trustees, after paying proportions of her estate, should take whatever there was left as individuals, such an interpretation renders the residuary clause invalid. The will clearly indicates that the testatrix considered her estate as a whole, out of which her debts were to be paid, and whatever there was left after that she gave certain proportions of to certain unknown persons. How large the proportions were, or how numerous the persons, it is impossible to ascertain from the will itself. She left that to be determined by the trustees, and it is only after these proportions had been given to such persons that she intended the trustees to take anything. Therefore, in order to ascertain what she intended the trustees to take, the sum intended to be previously appropriated out of her whole estate must first be determined; and, as that cannot be done, there is no way of finding out what she intended to dispose of by the residuary clause, and for that reason it must be held invalid. Beekman v. Bonsor, 23 N. Y. 299, 80 Am. Dec. 269; Kerr v. Dougherty, 79 N. Y. 328.

For these reasons we think the judgment appealed from must be reversed, and a decree entered to the effect that all of the property given to the trustees in trust passed, subject to the payment of the debts and expenses of administration, to the heirs at law and next of kin in the same way and to the same extent that it would have passed had she died intestate, with costs to the appellants to be paid out of the estate. All concur.